ANTHONY S. EARL, Secretary Department of Natural Resources
You ask whether sec. 23.11 (4), Stats., gives the Department of Natural Resources (DNR) law enforcement personnel the power of a peace officer on streams, natural lakes, flowages, artificially raised lakes and bodies of water exclusively within the boundaries of state parks and forests. More specifically, you inquire as to the applicability of sec. 23.11 (4), Stats., to situations where DNR law enforcement personnel observe violations of state law, such as possession of marijuana, occurring on navigable waters of the state.
Initially, it should be noted that the Legislature is cautious in granting the authority to arrest. When construing a statute to determine whether it grants a person or a class of persons the authority to arrest, the arresting authority should not be construed as having been vested by inference. 6A C.J.S. Arrest
sec. 11.
Before addressing the direct applicability of sec. 23.11 (4), Stats., to the situation posed in your question, I would like to point out that a related statute, sec. 29.05 (1), Stats., grants DNR law enforcement personnel authority to arrest violators of certain state laws specifically enumerated in that section. Section 29.05 (1), Stats., provides in pertinent part:
 The department [of natural resources] and its wardens . . . may arrest, with or without a warrant, any person detected in the actual violation, or whom such officer has probable cause to believe guilty of a violation of any of the laws cited in this subsection . . . and . . . any such officer may stop and board any boat . . . if the officer reasonably suspects there is a violation of such sections.
I am of the opinion that duly appointed DNR law enforcement personnel may arrest a violator of any of the state laws enumerated in sec. 29.05 (1), Stats., anywhere in the State of Wisconsin, including on any of the state's navigable waters. This conclusion is supported by the provision in sec. 29.05 (1), Stats., that the arresting DNR officer "may stop and board any
boat." *Page 328 
However, it must be emphasized that the arrest authority granted to DNR wardens by sec. 29.05 (1) is limited to the power to arrest violators of the laws expressly enumerated in that section and is not a general grant of authority to arrest violators of any and all of the state's laws. Your question specifically includes an inquiry as to whether DNR wardens can arrest persons in possession of marijuana on navigable waters of the state. The sections of the statutes relating to marijuana possession, secs. 161.41 (2r) and 161.14 (4)(k), Stats., are not enumerated under sec. 29.05 (1), Stats. Thus, DNR law enforcement personnel are not authorized by sec. 29.05 (1), Stats., to arrest persons who possess marijuana on a navigable waterway.
Therefore, we reach the question as to whether sec. 23.11 (4), Stats., grants the powers of a peace officer to DNR law enforcement personnel to arrest, on navigable waters, violators of sections of the statutes not enumerated in sec. 29.05 (1), Stats. In answering this question, it must be noted that an administrative agency may only act within the scope of powers granted to it by the Legislature. Clintonville Transfer Line v.Public Service Commission, 248 Wis. 59, 21 N.W.2d 5 (1945). I am of the opinion that sec. 23.11 (4), Stats., does not constitute a general grant of peace officer arrest authority to DNR wardens on streams, natural lakes, flowages and artificially raised lakes. I am of the further opinion that sec. 23.11 (4), Stats., does grant peace officer arrest authority to DNR law enforcement personnel on those portions of streams, natural lakes, flowages and artificially raised lakes which lie within the facility boundaries of various state owned lands and properties which are under DNR's supervision, management and control. Section 23.11
(4), Stats., expressly grants DNR "police supervision over all state-owned lands and property under its supervision, management and control" and specifically provides that DNR's "duly appointed agents or representatives may arrest . . . any person within sucharea" who commits "an offense against the laws of this state or in violation of any rule of the department [of natural resources] in force in such area." As made evident above, I construe the statutory phrase "within such area" as encompassing those portions of streams, natural lakes, flowages and artificially raised lakes which lie within the facility boundaries of various state owned lands and property under DNR's supervision, management and control, such as state parks, state forests, state owned fish and game management lands, and state owned public hunting and fishing grounds. *Page 329 
Section 23.11 (1), Stats., places the following state owned lands and properties under DNR's supervision, management and control:
 GENERAL POWERS. In addition to the powers and duties heretofore conferred and imposed upon said department by this chapter it shall have and take the general care, protection and supervision of all state parks, of all state fish hatcheries and lands used therewith, of all state forests, and of all lands owned by the state or in which it has any interests, except lands the care and supervision of which are vested in some other officer, body or board . . . .
More specifically, sec. 27.01 (8), Stats., expressly grants DNR law enforcement personnel the general arrest authority of a peace officer within state park areas:
 Police supervision. The department shall have police supervision over all state parks, and its duty appointed wardens or representatives in charge of any state park may arrest, with or without warrant, any person within such park area, committing an offense against the laws of the state or in violation of any rule or regulation of the department in force in such state park . . . .
It is not too difficult to visualize situations in which only a portion of a navigable body of water would lie within the area of state owned lands and property under DNR's supervision, management and control. For example, if a portion of a river runs through a state forest, violators of state law would be subject to arrest by duly appointed DNR personnel on that portion of the river. Or, if a state park boundaries jut out into a lake meeting at a point on a survey map, DNR wardens may arrest violators of state law on that portion of the lake which lies on the state park side of such line.
I am also of the opinion that conservation wardens and other duly appointed DNR law enforcement personnel are given the authority by sec. 23.11 (4), Stats., to arrest violators of state law on all bodies of water which lie exclusively within the area, as determined by facility boundaries, of state parks, state forests and all other state owned lands and property under DNR's supervision, management and control.
Finally, I believe that the Department should bring this problem to the attention of the Legislature. The Legislature could extend the *Page 330 
arrest power of DNR wardens to all navigable waters. This would avoid confusion over jurisdiction and compliance problems. SeeMendota Club v. Anderson, et al., 101 Wis. 479, 493, 78 N.W. 185
(1899), when the court said boaters should not have to carry chart, compass and measuring line to determine whether they were trespassing. Likewise, wardens would certainly be convenienced and enforcement enhanced if their jurisdiction were extended by statute.
The authority of a DNR warden to make a citizen's arrest in these circumstances is not considered.
BCL:TLP