CARROLL BESADNY, Secretary Department of Natural Resources
Your predecessor forwarded to me a series of questions from the DNR Bureau of Law Enforcement regarding interpretation of recent legislative changes in the Juvenile Code, ch. 48, Stats. I will first discuss the Bureau's specific questions, which I have rephrased in some cases, and will then attempt to give you a summary and overview of the changes. Most of the changes were effected by ch. 300, Laws of 1979, although that law was further amended, to a limited extent, by ch. 359, Laws of 1979. In the most general terms, the new laws (1) lower to fourteen the age at which some form of citation and forfeiture procedure can be used; (2) place that forfeiture procedure primarily in the juvenile code; and (3) remove the circuit court's former concurrent jurisdiction over most DNR juvenile forfeiture actions. [Note: All references to sections of ch. 48 will concern the statutes; all references to chs. 300 and 359 will concern the Laws of 1979. I will omit any discussion of municipal ordinance violation procedures and will focus entirely on DNR civil forfeitures.]
1 . Does the juvenile court have jurisdiction over violationsof the boating and snowmobile laws (secs. 30.50 to 30.80 andch. 350, Stats., respectively) ? Yes, but only if the offender isfifteen or younger. *Page 68 
By way of introduction, I should note first that subch. III of ch. 48, including secs. 48.12 through 48.185, Stats. (1977), concerns jurisdiction over juvenile offenders. Section 48.17 concerns "jurisdiction over traffic and boating, civil law and ordinance violations." Section 48.17, para. (1), was not directly amended by chs. 300 and 359, Laws of 1979. That paragraph continues to give adult courts (referred to in ch. 48 as "Courts of criminal and civil jurisdiction") exclusive jurisdiction over sixteen- and seventeen-year-olds alleged to have violated snowmobile or boating laws.
Before the 1979 amendments, para. (2) of sec. 48.17, Stats., gave adult and juvenile courts concurrent jurisdiction over civil forfeiture actions involving sixteen- and seventeen-year-olds. Both courts were able to use the civil forfeiture procedures in secs. 23.50 to 23.85, Stats. Civil forfeitures, as they relate to your Department, are defined in sec. 23.50 (1), Stats., to include circuit court actions to recover forfeitures for violations of chs. 23, 26 through 31, and 350; sec. 134.60; and any administrative rules promulgated under those laws. Under the 1979 amendments, adult courts no longer have jurisdiction over any DNR civil forfeiture actions involving juveniles, except the boating and snowmobile violations specified in sec. 48.17 (1) above. The juvenile court's authority to use a civil forfeiture/citation procedure is expanded to include juveniles fourteen or older who are charged with any of the violations specified in sec. 23.50 (1), Stats.
2. Can juveniles be issued citations pursuant to sec. 23.50,Stats.? Yes, provided the child is fourteen or older and new sec.48.237 is observed.
Old sec. 48.17 (2) allowed juvenile and adult courts to use the DNR civil forfeiture procedures of secs. 23.50 to 23.85, Stats., with specified variations, for actions involving children sixteen or older. The 1979 amendments created a new section, numbered 48.237, on "civil law and ordinance proceedings initiated by citation" in juvenile court. Under amended sec. 48.17 (2) (b), the juvenile citation procedure is available only if the child is fourteen or older, and is merely available as an alternative to the filing of a petition under sec. 48.125 ("Jurisdiction over children alleged to have violated civil laws or ordinances"). Although new sec. 48.237 governs the juvenile citation *Page 69 
procedure, I stated that a citation can be issued under sec.23.50, Stats., because sec. 48.237 expressly provides that: (1) the citation form under sec. 23.54 may be used; and (2) the procedures for issuance and filing of the citation, and for forfeitures, stipulations and deposits in sec. 23.50 to 23.67 and in 23.75 (3) and (4) "shall be used as appropriate." Note, however, that ch. 48 governs taking and holding a child in custody; sec. 48.37 governs costs and penalty assessments; and a capias is substituted for an arrest warrant (sec. 48.237 (2)).
You may have noticed that sec. 48.237 (2) refers to citations issued by a "law enforcement officer." That term is not defined in ch. 48, and differs from the term, "peace officer," defined in sec. 939.22 (22), Stats., and used in the criminal code, and from the term "enforcing officer," defined in sec. 23.51 (3), Stats., and used in secs. 23.50 to 23.85, Stats. Section 23.51
(3), Stats., defined "enforcing officer" as "peace officer as defined by s. 939.22 (22), or a person who has authority to act pursuant to a specific statute." I have construed "peace officer" narrowly, and have concluded that DNR wardens have the powers of a peace officer only under limited circumstances. 68 Op. Att'y Gen. 326, 329 (1979). For purposes of this opinion, and in the absence of a legislative definition of "law enforcement officer" as used in ch. 48, I am assuming that "law enforcement officer" in sec. 48.237 (2) has the same meaning as "enforcing officer" in sec. 23.51 (3), Stats.
If a juvenile to whom a citation has been issued does not submit a deposit, or a stipulation and deposit, note that ch. 48 governs further proceedings, as detailed in new sec. 48.237(3).
3. What court is to handle the juvenile cases, and what does"court assigned" mean, in ch. 300? One or more branches of thecircuit court is assigned to handle juvenile cases.
The new laws simply mean "juvenile court" when they say "court assigned to exercise jurisdiction under this chapter." As stated in sec. 48.125, the juvenile court exercises exclusive jurisdiction over all DNR civil forfeiture actions against juveniles, except the boating and snowmobile violations mentioned in sec. 48.17(1). *Page 70 
4. Must the DNR keep juvenile records confidential and separatefrom adult records? No.
Records of children made by "peace officers" must be kept separate from adult records, under sec. 48.396, old and new, and are not open to the public generally. Under sec. 48.396 (2), records of the juvenile court are to be kept in books and files maintained for juvenile records purposes only, and are not to be opened, or have their contents disclosed, except by order of the juvenile court. There is no confidentiality requirement for records concerning a juvenile proceeded against in adult court.
New sec. 48.396 (4) prohibits the Department of Transportation
from disclosing information concerning the revocation, suspension or restriction of a juvenile's motor vehicle operating privilege to anyone except specified persons and agencies. In reading the seven other statutes which are referred to directly or indirectly in the new subsection, you may have noticed that all but one or two of the incorporated sections also refer to suspension or revocation of licenses issued under ch. 29, by the DNR. New sec.48.396 (4) does not contain a comparable limitation on disclosure of information by DNR, concerning restriction of licenses issued to juveniles under ch. 29, Stats.
Courts frequently hold that the express mention of one thing implies the exclusion of another. Since the Department of Transportation is mentioned and DNR is not, I believe the prohibitions in new sec. 48.396 (4) do not apply to DNR. There is a general legislative policy against disclosure of adverse information concerning juveniles. However, there is also a strong presumption "that public policy, and hence the public interest, favors the right of inspection of documents and public records."Beckon v. Emery, 36 Wis.2d 510, 516, 153 N.W.2d 501 (1967), citing State ex rel. Youmans v. Owens, 28 Wis.2d 672, 682,137 N.W.2d 241 (1965). Section 19.21 (4), Stats., imposes a mandatory civil forfeiture, in addition to any other civil or criminal penalties, upon the public officer who denies access to public records. As a general rule, therefore, I suggest that you follow the literal directions of new sec. 48.396 (4), and treat DNR juvenile records as public. If an interested party urges you to keep particular records confidential, you should follow the following process as stated in Beckon, 36 Wis.2d at 516: *Page 71 
 It is only in the unusual or exceptional case, where the harm to the public interest that would be done by divulging matters of record would be more damaging than the harm that is done to public policy by maintaining secrecy, that the inspection should be denied. Accordingly, we said in Youmans, supra, page 682:
 ". . . it is incumbent upon [the public officer] to refuse the demand for inspection and state specifically the reasons for this refusal." (Emphasis supplied.)
5. Can penalty assessments be used in juvenile cases? No,except for snowmobile and boating code violations handled inadult court under sec. 48.17 (1).
Chapter 300, Laws of 1979, added the following sentence to sec.48.37: "Courts of civil and criminal jurisdiction exercising jurisdiction under s. 48.17 may assess the same costs and penalty assessment [sic] against children as they may assess against adults, except that witness fees shall not be charged to the child." This sentence applies to sixteen- and seventeen-year-olds charged with boating and snowmobile violations.
New sec. 48.237 (2), Stats., removes juvenile cases from the civil forfeiture procedures of secs. 23.50 to 23.85, Stats., by stating, "s. 48.37 shall govern costs and penalty assessments." However, old sec. 48.37 only prohibits assessment of costs by a juvenile court. The new sentence quoted above allows penalty assessments in adult court, in specified cases, but does not address the question of separate penalty assessments in juvenile court. Since sec. 48.343 does not include penalty assessments among its permissible "civil law" violation dispositions, I conclude that the Legislature was attempting, in sec. 48.237 (2), to prohibit penalty assessments in juvenile court.
In light of this conclusion, another question arises from the language of new sec. 48.237 (2): The new subsection provides that the forfeiture, stipulation, and deposit procedures in secs.23.50 to 23.67 "shall be used as appropriate, except that . . . s. 48.37 shall govern costs and penalty assessments." Sections23.66 (2) and 23.67 (3), setting out procedures to follow when a person makes a deposit and does not appear at the time set in the citation, state that a nonappearance, *Page 72 
or the filing of a stipulation of no contest, are deemed to be submission by the person to "a forfeiture and a penaltyassessment plus costs not to exceed the amount of the deposit." Since I conclude that sec. 48.237 (2), read in conjunction with old sec. 48.343, is an attempt to prohibit penalty assessments and costs in juvenile court, then a deposit plus nonappearance by a juvenile may be deemed submission to a forfeiture not to exceed the amount of the deposit, but not to a penalty assessment or costs. Therefore, the terms "penalty assessment" and "costs" should be crossed out of the citations or other papers given to a juvenile whose civil forfeiture action will be heard in juvenile court.
6. Can natural resource assessments be levied in juvenilecases? Yes, if "natural resource assessment" is synonymous with"forfeiture" as used in sec. 23.50 (1), Stats, for the reasonsset forth in the preceding paragraph.
If the child does not submit either a stipulation or deposit, new sec. 48.237 (3) specifies the procedure to be followed by the juvenile court: If, after a fact-finding hearing, the court finds that the child violated a law punishable by forfeiture under sec. 48.237, the court may enter any dispositional orders under sec. 48.343.
7. Can natural resource restitutions be required in juvenilecases? Yes, under sec. 48.34 or 48.343.
The dispositions authorized under sec. 48.343 include: a forfeiture not to exceed $25.00; an order to participate in a supervised work program; an order to make repairs or reasonable restitution; if a boating violation is involved, an order to attend a safety course under sec. 30.74 (1), Stats.; and for a violation of ch. 29, Stats., suspension of the license(s) of the child under that chapter for not more than (the old law read "notless than") one year. Chapter 300 adds two other natural resources dispositions: for a firearms violation, require the child to attend a safety course under sec. 29.225, Stats., and for a snowmobile violation, order the child to attend a safety course under sec. 350.055, Stats. Sec. 48.343 (7) and (8).
Note that, if the prosecutor has opted to proceed under sec. 48.17 (2)(b)2., by a sec. 48.125 petition, sec. 48.34 provides various *Page 73 
dispositions, including repair and restitution, a maximum forfeiture of $50.00, with alternative license suspension, and an order to participate in a supervised work program.
If the child fails to contest the citation, amended sec.48.335 (1) requires the court to proceed under sec. 48.237 (2).
You may wish to seek legislative clarification of the portions of ch. 300, Laws of 1979, highlighted in this opinion. The table in the following appendix may help to summarize the changes effected by chs. 300 and 359, Stats.
BCL:MVB
Appendix
SECTION OLD NEW
48.17 (1), Adult courts have exclusive jurisdiction jurisdiction over sixteen and seventeen year olds alleged to have violated snowmobile or boating laws.
48.17 (2), Adult and juvenile courts Juvenile court has exclusive jurisdiction have concurrent jurisdiction jurisdiction in civil in civil forfeitures forfeiture actions over over children sixteen and children fourteen and over. Both courts may use over. Court may follow the DNR forfeiture citation procedure, with procedures of 23.50-.85, some modifications, or with specified variations. proceed with sec. 48.125 petition.
48.237, NO old counterpart. DNR forfeiture statutes procedure Chapter 48 stated any govern, except as to custody, variations from sec. costs and arrest 23.50 procedure. warrants. Sub. (3) spells out procedure where no *Page 74 
SECTION OLD NEW
 deposit or stipulation is submitted.
48.396, If case was handled in Since all DNR cases records adult court, no special (except snowmobile and restriction on records. boating) must be in juvenile If handled in juvenile court, sec. 48.396
court, sec. 48.396 applies at all times, but restricted access to DNR is omitted from records new restrictions for motor vehicle license suspension cases.
Penalties If handled in adult courts, Costs and penalties may and Costs secs. 23.66, 23.67, and not be assessed in juvenile 23.82 provided for court, but deposit and forfeiture, penalty, and stipulation procedures of cost to be paid by secs. 23.66 and 23.67
defendant. apply. If those procedures are not applicable (i.e., a contested case under secs. 48.237 (3) and 48.125), court may assess a maximum forfeiture of $25 under citation procedure or $50 under petition procedure. Other dispositions are available, such as repair restitution and work programs.